IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2014

## WILLIAM L. VAUGHN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-D-1990    Monte D. Watkins, Judge**

**No. M2010-02191-CCA-R3-PC - Filed August 21, 2014**

Following a remand from this court, the petitioner, William L. Vaughn, acting pro se, was permitted a second evidentiary hearing on certain ineffective assistance of counsel claims which he had not presented in the first hearing on his petition for post-conviction relief. As we will set out, he filed massive pleadings, complaining of a multitude of wrongs visited upon him, from the moment of his arrest through his direct appeal. The evidentiary hearing was lengthy and free-swinging, with the post-conviction court's concluding that the petitioner's claims were "incredible" and, ultimately, without merit. We agree. Doggedness cannot substitute for substance. The post-conviction court's denial of relief is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

William L. Vaughn, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The petitioner entered pleas of nolo contendere to two counts of aggravated sexual battery and was sentenced to consecutive ten-year terms. On direct appeal, this court affirmed the sentence imposed, and our supreme court denied his application for permission to appeal. State v. William L. Vaughn, No. M2002-01879-CCA-R3-CD, 2003 WL

21877929, at *1 (Tenn. Crim. App. Aug. 1, 2003), perm. app. denied (Tenn. Dec. 22, 2003). Subsequently, he filed a petition for post-conviction relief, in which he made a number of claims. This court affirmed in part the post-conviction court's denial of those claims and remanded for a hearing on the claims of ineffective counsel. William L. Vaughn v. State, No. M2008-00193-CCA-R3-PC, 2009 WL 1684649, at *1 (Tenn. Crim. App. June 17, 2009), perm. app. denied (Tenn. Dec. 14, 2009). Following the remand, the post-conviction court conducted an evidentiary hearing, again ruling against the petitioner. He has appealed that second ruling to this court.

The petitioner acknowledges that his 735-page "brief," filed in support of this appeal, is "large." We agree. Yet, he asserts that it is in compliance with Tennessee Rule of Appellate Procedure 27(i), which limits the argument section of a brief to 50 pages, because the first 680 pages of this massive filing are styled "Introduction to Argument."[1] He ignores the fact that his "introduction," itself, contains several hundred pages of legal arguments and case citations. What he then denominates as his "argument" consists of 54 pages rather than 50, as he claims. In spite of this blatant attempt of legerdemain, we will, in the interest of finality, consider this appeal.

In the 2009 remand to the post-conviction court, this court set out the claims as to ineffective assistance of counsel which the petitioner should be allowed to pursue at an evidentiary hearing, limiting these to the ineffective assistance of preliminary hearing counsel, the ineffective assistance of trial counsel at sentencing, other than allegations of a closed sentencing hearing, and the ineffective assistance of appellate counsel.

We will review this matter.

## ANALYSIS

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the post-conviction court's findings as to the credibility of witnesses or the weight

---

[1] This first section is preceded by a 31-page section styled "Attention/Quick Reasoning for Acceptance of This Brief," followed by 14 pages of the table of authorities.

of their testimony.  Id.  However, review of a post-conviction court's application of the law to the facts of the case is de novo, with no presumption of correctness.  See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998).  The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed de novo, with a presumption of correctness given only to the post-conviction court's findings of fact.  See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding.  Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee).  The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

We have carefully reviewed the 192 pages of transcripts of the evidentiary hearing on the issues set out in this court's opinion of 2009.  Although this court's 2009 remand directed that, as to the proceedings in general sessions court, the petitioner should be allowed to present proof as to ineffective assistance of counsel, he testified at great length during the second evidentiary hearing that the violations of his rights had begun at the time of his arrest and continued through the preliminary hearing and grand jury, resulting in defective indictments.  He summarized these claims:

> [Y]ou said that we would discuss – that we would have – you know – discuss whether or not my issues – I would get a chance to present them or, at least, show why I needed to present them; about my witnesses; also about presenting my evidence; and about testifying, that all that would be discussed in this hearing.

# I. Preliminary Hearing Counsel

The record on appeal does not include a copy of the preliminary hearing transcript. Therefore, there is no proof of what occurred at the preliminary hearing, or actions taken by counsel, save the petitioner's version at the second evidentiary hearing. He also overlooks the facts of his subsequently being indicted and entering pleas to those indictments. As we later will explain, his arguments fail to deal with the facts that the post-conviction court determined, and we affirmed, that he failed to show the results of the proceedings would have been different if his confession had been suppressed, that he would not have been indicted, or that he would not have entered pleas to two of the nine counts against him. The post-conviction court found that his testimony was "incredible." In view of this, plus the insufficiency in the appellate record, we conclude that the petitioner has failed to show either that general sessions counsel was ineffective or that he was prejudiced thereby.

# II. Trial Counsel

The petitioner made a number of claims as to the proceedings in the criminal court, following his being indicted. He argued that, apparently at the plea submission hearing, his lawyer had kept "stating about having nine counts; but those nine counts are under violation of multiplicity, they're in violation of double jeopardy. There could've been only two counts. He kept telling me nine counts." However, in our 2009 opinion, this court set out the testimony of the petitioner's trial lawyer, regarding the nine charges of aggravated sexual battery against the petitioner that, in exchange for the pleas, seven of these charges were dismissed; no charges would be referred to Texas for possible prosecution; and there would not be additional charges against him in Tennessee. Since these claims regarding the additional charges appear to be, at least, marginally related to those to be reviewed on remand, we have considered them and conclude that the petitioner has failed to show either that trial counsel was ineffective in this regard or that he was prejudiced thereby.

The petitioner also pursued a number of claims which were not within the issues which this court remanded to the post-conviction court. He argued that he "was not informed of [his] constitutional rights against incrimination[,] [t]hat's automatic reversal"; that trial counsel was ineffective at the sentencing hearing in "three separate ways"; that he was not subjected to a psychosexual evaluation; and that his statements to police were "inadmissible." As to the second point, this court noted in 2009 that trial counsel had testified at the first evidentiary hearing that "the withdrawal of the suppression motion was a condition of the plea agreement." William L. Vaughn, 2009 WL 1684649, at *9. Accordingly, we found that he had "opted to accept the pleas and did not pursue the use of the confession during his direct appeal." Id. Thus, this court already has determined that this claim is without merit. As to the remainder of the claims, they appear to be woven

together from nearly identical claims regarding proceedings in both general sessions and criminal court. Either previously, or in this appeal, we have considered each of these claims and find, as to each, that the petitioner has failed to prove either that counsel was ineffective or that he was prejudiced thereby.

Further, the petitioner argues that trial counsel was ineffective at the submission hearing because the petitioner was not informed by the trial court that lifetime reporting was required for the offense to which he was entering pleas of nolo contendere. However, this court agreed, in its 2009 review of the petitioner's first evidentiary hearing, that he understood the consequences of his pleas. Trial counsel testified at the 2009 evidentiary hearing that "the Petitioner knew of the registry requirement, although he admitted that the trial court did not tell the Petitioner that it was a requirement for the duration of his life after his release." Id. at *11. Consequently, the post-conviction court found, and this court agreed, that the petitioner "had not shown that but for a claimed deficient performance of counsel, he would not have entered his pleas." Id. Thus, as to this claim, the petitioner attempts to relitigate an issue already concluded to be without merit. We decline to revisit this matter.

The claim that the trial court should have begun sentencing consideration at the minimum for the offense, rather than at the midpoint, has previously been determined in favor of the State. Further, this court determined in 2009 that the petitioner's several claims regarding his allegedly inadmissible confession were without merit. Earlier, he had accepted the plea offer without exception and had not challenged the statements during his direct appeal. Even if he had done so successfully, by the analysis of this court in our 2009 opinion, the petitioner "would have been confronted at trial with the witnesses' testimony" and had not shown "a reasonable probability that but for the use of the confession, he would not have entered his pleas." Id. at *9. Thus, this claim already has been determined against the petitioner.

As we understand, the petitioner additionally complains that the State did not provide responses to his bill of particulars, filed before his pleas had been entered. This issue was not one of those remanded for the post-conviction court's consideration, and, thus, it may not be raised in this appeal. In this regard, the petitioner may not argue the claim in this appeal that trial counsel was ineffective for not raising the claim that the trial court had lacked jurisdiction in the matter because of "the fact that the sleeping too close was in Texas," not Tennessee. This, also, was not one of the remanded issues and may not be considered by this court.

### III. Appellate Counsel

As to possible claims against appellate counsel, the petitioner has failed, as best we understand his testimony at the second evidentiary hearing, to identify any alleged deficiencies. Accordingly, we have nothing to consider in this regard.

### __CONCLUSION__

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's denial of relief and dismissal of the petition.

_____
ALAN E. GLENN, JUDGE